UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAG FL, LLC d/b/a COCOA KIA,

      Plaintiff,

v.                                            Case No: 6:23-cv-2117-JSS-DCI

KIA AMERICA, INC. f/k/a KIA
MOTORS AMERICA, INC.,

      Defendant.
_____

## ORDER

Pending before the Court is Defendant's Motion to Seal "certain materials in connection with its Motion to Exclude Opinions and Testimony of Joseph Roesner." Doc. 63 (the Motion). Specifically, pursuant to Local Rule 1.11, Defendant moves to file under seal Joseph Roesner's expert report, unredacted versions of certain transcripts, and "Defendant's Expert Motion." *Id*. Even though the Motion is unopposed, Defendant is not entitled to relief.

The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citation omitted). Even so, the "right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause[,] . . . which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone Firestone, Inc.*, 263 F.3d at 1304, 1309 (11th Cir. 2001)). Local Rule 1.11(a) provides that "[s]ealing a docketed item. . . used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access."

Defendant has not shown that the parties' interest in maintaining the confidentiality of the expert report, transcripts, or motion outweighs the public right to access. Specifically, Defendant's only basis for the request is that the parties have executed a Confidentiality Agreement and Plaintiff has designated as confidential the Roesner expert report and certain portions of the transcripts and "Defendant's Expert Motion." Doc. 63.[1] The Local Rule, however, expressly provides that, "Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a); *see also Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (finding that parties do not have the right to agree on what judicial records should be sealed).

Further, the Court states in the CMSO that "[w]hether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.11." Doc. 21 at 7. Since Defendant's only proffered reason for the seal is Plaintiff's designation and the parties' agreement that the information should be kept confidential, there is nothing before the Court to demonstrate that filing these materials under seal is appropriate.

And, with respect to the Roesner Expert Report, Defendant fails to adequately explain why redaction is unsatisfactory. *See* Local Rule 1.11 (b)(3)(C) ("A motion to seal an item. . . must establish. . . that using a redaction, pseudonym, or a means other than sealing is unavailable or unsatisfactory."). Instead, Defendant states in a conclusory manner that "[Defendant] will file a placeholder document on the public docket because Plaintiff has designated the entire report as

---

[1] While Defendant represents that Plaintiff designated the material as confidential, Plaintiff has not filed a memorandum in support of the Motion. *See* Local Rule 1.11(c).

Confidential, making redaction unsuitable in this instance." Doc. 63 at 3. Plaintiff's designation alone does not demonstrate that redaction is insufficient.[2]

Finally, to the extent Defendant asserts that relief is warranted because Plaintiff represents that the items contain "commercially sensitive, trade secret, confidential and/or proprietary information" (*see* Doc. 63 at 2), the Court is still not persuaded that Defendant is entitled to relief based upon that generic, boilerplate description. *See U.S. All Star Fed'n, Inc. v. Open Cheer & Dance Championship Series, LLC*, 2024 WL 167267, at *5 (M.D. Fla. Jan. 16, 2024) ("Generic claims that documents contain proprietary business information that if made public will harm a party are not sufficient. If so, then any business wishing to keep information out of the public eye would simply declare that it is proprietary or confidential and the common law right of inspection would be rendered meaningless."); *see also Regions Bank v. Kaplan*, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) ("Defendants' blank assertion that the subject exhibits contain confidential business or financial information is insufficient to show good cause for sealing the filings.") (citing *Aldora Aluminum & Glass Prods. v. Poma Glass & Specialty Windows, Inc.*, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016)).

Based on the foregoing, it is **ORDERED** that:

1. Defendant's Motion (Doc. 63) is **DENIED**;[3] and

---

[2] In fact, Plaintiff previously moved to file a "tab" to Roesner's expert report. Doc. 60 at 2. Notably, the Court granted Plaintiff's request to seal because Plaintiff sufficiently demonstrated that relief was warranted under Local Rule 1.11. Doc. 67.

[3] The Court notes that to the extent Defendant files a redacted copy of an exhibit on the public docket, the Court will only consider the redacted version of the material. Defendant, however, has not established that it is entitled to file under seal the unredacted version of the items at issue in the Motion.

2. the Clerk is **DIRECTED** to **DELETE** from the docket the provisionally sealed exhibits attached to the Motion (Docs. 63-1 to 63-4).

**ORDERED** in Orlando, Florida on April 22, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE